54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rudy CANDELARIA, Plaintiff-Appellant,
v.
Robert TANSY, Warden, Agents, Servants, Employees, and
others acting in aid and/or concept therewith, individually
and in their official capacities, et al; Gerald Byers;
Attorney General of the State of New Mexico; Virgil Garcia;
New Mexico Department of Corrections, Defendants-Appellees.
 No. 94-2259.
 United States Court of Appeals, Tenth Circuit.
 May 10, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 BALDOCK
 
 1
 Plaintiff Rudy Candelaria appearing pro se appeals the district court's denial of his Fed.R.Civ.P. 60(b)(3) motion. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 2
 On November 21, 1989, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C.1983 alleging his due process rights were violated when he was transferred to a maximum security facility without a hearing, and that he was unlawfully deprived of good time credits for time spent in administrative segregation and earnings from prison employment. On June 22, 1993, the district court ordered the preparation of a Martinez report and advised the parties that the report would be used for summary judgment purposes.
 
 
 3
 On October 22, 1993, Defendants filed a "Motion to Dismiss or in the Alternative for Summary Judgment" along with the court-ordered Martinez report. In the report, Corrections Officer Virgil Garcia stated that Plaintiff had received good time credits for time spent in administrative segregation. On November 5, 1993, Plaintiff filed a response to the report conceding that he had in fact received the good time credits in dispute. Thereafter, the district court granted the Defendant's motion for summary judgment.
 
 
 4
 On September 29, 1994, Plaintiff filed a motion pursuant to Rule 60(b)(3) alleging that Officer Garcia's affidavit in support of the Martinez report was false. On October 27, 1994, the district court denied the motion noting that "Plaintiff did not controvert the affidavit in question when he made the response to the Martinez Report." This appeal followed.
 
 
 5
 On appeal, Plaintiff claims the district court erred by denying his Rule 60(b)(3) motion. We review the district court's denial of a Rule 60(b)(3) motion for an abuse of discretion. Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir.1994). "Rule 60(b) relief is only appropriate under extraordinary circumstances." Id. (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)).
 
 
 6
 Rule 60(b)(3) provides that a district court may vacate a judgment for "fraud ... misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). In order to obtain relief under Rule 60(b)(3), a litigant must prove an adverse party committed fraud, misrepresentation, or misconduct by clear and convincing evidence. Anderson v. Dept. of Health and Human Servs., 907 F.2d 936, 952 (10th Cir.1990).
 
 
 7
 In the instant case, Plaintiff's conclusory allegation that Officer Garcia submitted a false affidavit to the district court did not constitute clear and convincing evidence of fraud, misrepresentation, or misconduct. Moreover, Plaintiff conceded the facts contained in the affidavit were true in his response to the Martinez report. Under these circumstances, we conclude the district court did not abuse its discretion in denying Plaintiff's Rule 60(b)(3) motion.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument